*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0010A (6th Cir.)
File Name: 03a0010a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GEORGE LANE; BEVERLY JONES,

     *Plaintiffs-Appellees,*

UNITED STATES OF AMERICA,

     *Intervenor,*

     *v.*

STATE OF TENNESSEE,

     *Defendant-Appellant,*

POLK COUNTY, TENNESSEE, et al.,

     *Defendants.*

No. 98-6730

On Petition for Rehearing of an
Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 98-00731—Thomas A. Higgins, District Judge.

Decided and Filed: January 10, 2003

Before: MARTIN, Chief Circuit Judge; SUHRHEINRICH
and SILER, Circuit Judges.

1

—————————————

**COUNSEL**

**ON BRIEF:** Mary M. Collier, S. Elizabeth Martin, OFFICE OF THE ATTORNEY GENERAL, CIVIL LITIGATION & STAFF SERVICES DIV., Nashville, Tennessee, for Appellant. William J. Brown, WILLIAM J. BROWN & ASSOCIATES, Cleveland, Tennessee, for Appellees. Seth M. Galanter, Sarah E. Harrington, UNITED STATES DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, Washington, D.C., for Intervenor.

—————————————

**AMENDED OPINION**

—————————————

BOYCE F. MARTIN, JR., Chief Circuit Judge. This Court initially issued an opinion in this case on July 16, 2002. We held that Lane and Jones stated claims founded in due process violations, and, under *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (6th Cir. 2002) (en banc) *cert. denied*, 123 S.Ct. 72, (October 7, 2002), Tennessee and the other state defendants were not immune from Lane and Jones's damages claims under Title II of the Americans with Disabilities Act. On September 20, we granted the State of Tennessee's motion for panel rehearing. All parties submitted supplemental briefs. Tennessee argued that Lane and Jones's claims are not based on due process violations and that Tennessee therefore enjoys Eleventh Amendment immunity from suit on those claims. On rehearing and for the following reasons, we AFFIRM the district court's denial of Tennessee's motion to dismiss and REMAND this case for further proceedings.

In *Popovich*, we considered the validity of the abrogation of a state's immunity to suit by private parties under Title II of the Americans with Disabilities Act. Guiding our hand through our evaluation was the Supreme Court's recent decision in *University of Alabama v. Garrett*, 531 U.S. 356

(2001), in which the Supreme Court affirmed that Section Five of the Fourteenth Amendment grants Congress the power to abrogate the Eleventh Amendment immunity of the states to private damage suits. We held that the Eleventh Amendment barred claims under Title II of the Americans with Disabilities Act based on equal protection violations but Congress could abrogate Eleventh Amendment immunity as to due process claims.

Among the rights protected by the Due Process Clause of the Fourteenth Amendment is the right of access to the courts. For criminal defendants like Lane, the Due Process Clause has been interpreted to provide that "an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). Parties in civil litigation have an analogous due process right to be present in the courtroom and to meaningfully participate in the process unless their exclusion furthers important governmental interests. *See Popovich*, 276 F.3d at 813-14; *Helminski v. Ayerst Labs.*, 766 F.2d 208, 213 (6th Cir.), *cert. denied*, 474 U.S. 981 (1985). Further, those who fail to appear in court may not be sanctioned for failing to appear until they have been accorded due process. *Groppi v. Leslie*, 404 U.S. 496, 502 (1972). These guarantees are protective of equal justice and fair treatment before the courts.

The evidence before Congress when it enacted Title II of the Americans with Disabilities Act established that physical barriers in government buildings, including courthouses and in the courtrooms themselves, have had the effect of denying disabled people the opportunity to access vital services and to exercise fundamental rights guaranteed by the Due Process Clause. In *Popovich*, we found that Title II was enacted "to guarantee meaningful enforcement" of the constitutional rights of the disabled. 276 F.3d at 815-16. In doing so, Congress may require states to consider the nature of the constitutional right at issue, the often relatively small cost of compliance, and the effect of failure to accommodate those with disabilities. In the context of the case before us,

Congress could ask states to weigh the fundamental importance of access to the courts to our justice system, that the perpetuation of the current physical barriers force people with disabilities to either forgo their right to be present in court or be carried into court, and that the remedy is often inexpensive and simple.

Based on the record before Congress in considering the Americans with Disabilities legislation, it was reasonable for Congress to conclude that it needed to enact legislation to prevent states from unduly burdening constitutional rights, including the right of access to the courts. States have myriad ways to unburden these rights, from the major step of renovating facilities to the relatively minor step of assigning aides to assist in access to the facilities. The record demonstrated that public entities' failure to accommodate the needs of qualified persons with disabilities may result directly from unconstitutional animus and impermissible stereotypes. Title II ensures that the refusal to accommodate an individual with a disability is genuinely based on unreasonable cost or actual inability to accommodate, not on inconvenience or unfounded concerns about costs.

This statutory protection is a preventive measure commensurate to the gravity of precluding access to the courts by those with disabilities. In addition, these requirements are carefully tailored to the unique features of disability discrimination that persists in public services. A simple ban on discrimination against those with disabilities lacks teeth. The continuing legacy of discrimination is too powerful. Title II affirmatively promotes integration of those with disabilities.

Jones and Lane are seeking to vindicate their right of access to the courts in Tennessee. Lane alleges that he has been denied the benefit of access to the courts. Jones similarly alleges that she has been excluded from courthouses and court proceedings by an inability to access the physical facilities. Tennessee responds that the violations alleged are not due process violations. The difficult questions presented by this

case cannot be clarified absent a factual record. Because in *Popovich* we held that Title II is an appropriate means of enforcing the due process rights of individuals, and because this case came to us before any development of the facts, we hold that the district court appropriately denied Tennessee's motion to dismiss this action.

We AFFIRM the decision of the district court and REMAND for further proceedings consistent with this opinion.